# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**COWELL NEMOY BROWN,**

    **Plaintiff,**

vs.                                                **Case No. 4:16cv777-RH/CAS**

**JULIE JONES, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se and in forma pauperis, has filed an amended complaint under 42 U.S.C. § 1983. ECF No. 10. Plaintiff's amended complaint has been reviewed as required by 28 U.S.C. § 1915(A).

As an initial matter, Plaintiff has not honestly disclosed his prior litigation history. ECF No. 10 at 4-5. Plaintiff lists having filed one prior case in federal court: case number 4:15cv273-WS/CAS. ECF No. 10 at 4. When asked whether he had ever had any action in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service, ECF No. 10 at 5, Plaintiff answered with "unsure," and wrote "NA" in each blank after

the following questions about the case. *Id.* That response is particularly egregious in light of the warning provided to Plaintiff in the Order which directed him to file an amended complaint:

> Plaintiff should give careful consideration to whether he desires to continue this case. Plaintiff has already accumulated two dismissals which count as "strikes" under 28 U.S.C. § 1915(g). Case number 4:15cv273-WS/CAS was dismissed in this Court for failure to state a claim and because defendant had immunity from suit. ECF No. 23 of that case. Plaintiff then appealed that dismissal and his appeal was dismissed as frivolous. ECF No. 46 of that case. Thus, Plaintiff has two "strikes." If Plaintiff has another federal civil case dismissed for the reasons listed in 28 U.S.C. § 1915(e)(2)(B), Plaintiff will be unable to file additional civil rights actions in federal court unless he can demonstrate that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

ECF No. 6 at 5. Plaintiff had the information before him to properly disclose the two prior dismissals.[1] Furthermore, it has now been discovered that Plaintiff also filed two additional cases in federal court which should have been disclosed in response to question C.[2] ECF No. 10

---

[1] Plaintiff's appeal in the Eleventh Circuit was case number 15-14919. *See* ECF No. 46 of case #4:15cv273.

[2] Plaintiff initiated a § 2254 petition in the Middle District of Florida in February 2006. Case #6:06cv140. It also appears that Plaintiff attempted to initiate another § 1983 prisoner civil rights complaint in March 2002, but that case was dismissed without prejudice the following month because Plaintiff did not comply with a court order requiring him to outline the steps he took to exhaust administrative remedies. ECF No. 6 of case # 6:02cv348. Because the case was not dismissed on the merits, it has not been considered to constitute a third "strike" under 28 U.S.C. § 1915(g).

at 5. Writing "unsure" is not sufficient; it is Plaintiff's responsibility to keep an accurate listing of all prior cases filed. Plaintiff is warned that in the future, a federal civil action may be dismissed for failing to honestly list all prior cases. Redmon v. Lake Cty. Sheriff's Office, 414 F. App'x 221, 226 (11th Cir. 2011) (holding that "district court was entitled to conclude that Plaintiff had abused the judicial process when he failed to" show good cause for not disclosing all prior lawsuits filed); Young v. Sec'y Florida for Dep't of Corr., 380 F. App'x 939, 941 (11th Cir. 2010) (finding "district court did not abuse its discretion when it sanctioned Young for failing to disclose his prior cases."); Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997).

    Plaintiff's amended complaint continues to be filed against the same five Defendants who were named in the original complaint: the Department of Corrections' Secretary Julie Jones, the First District Court of Appeals, the Ninth Judicial Circuit Court, Florida Attorney General Pamela Jo Bondi, and Governor of the State of Florida, Rick Scott. ECF No. 10 at 2-3. As Plaintiff was previously informed, "[e]ven if a Court could be named as an appropriate Defendant in a civil rights case, and it cannot, these claims are

insufficient." ECF No. Naming two courts is insufficient. Courts are not "persons" which may be sued under § 1983.

Moreover, Plaintiff acknowledges that he previously sought to litigate this same claim in this Court. ECF No. 10 at 4. Case number 4:15cv273-WS/CAS was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii),(iii) in September 2015. ECF No. 23 of that case. Although the amended complaint filed in this case is not a model of clarity, review of this action in light of the prior case reveals that Plaintiff is complaining about an order which was entered in Florida's Fifth District Court of Appeal (DCA) which concluded that Plaintiff had abused the judicial process by filing repetitive motions for post-conviction relief. *See* ECF No. 17 of case number 4:15cv273 (citing to documents 13, 14). As a sanction, Plaintiff was barred from any further pro se filings concerning his criminal case unless the pleadings were filed by a member in good standing of The Florida Bar. Additionally, that order directed the clerk of court to forward a certified copy of the order to Plaintiff's Correctional Institution for consideration of possible disciplinary procedures under FLA. STAT. § 944.279(1). *Id.*

With that clarification, it is apparent that this case cannot go forward. Plaintiff's claims are based on the same claims he previously litigated, and

lost, in this Court. Plaintiff sought "an Order from this Court which [would] prohibit the Clerk of the Fifth DCA from enforcing the court order against him and which [would] require the Department of Corrections . . . to 'hear a belated appeal on disciplinary charge log no. 251-130477.'" ECF No. 17 at 2 of case # 4:15cv273 (citing ECF No. 13 at 16).

Under the doctrine of res judicata, "a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action." In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001). Res judicata forecloses re-litigation of matters actually or potentially litigated in an earlier lawsuit. Richardson v. Alabama State Bd of Educ., 935 F.2d 1240 (11th Cir. 1991). Accordingly, Plaintiff's claims cannot continue. He is again seeking to litigate the consequences imposed after issuance of the order entered in the Fifth DCA on February 5, 2013. *See* ECF No. 10 at 5. The prior case was entered by this Court, a court of competent jurisdiction, a final judgment was entered finding the case lacked merit, the two cases involve the same parties and the same § 1983 claims. *See* In re Piper Aircraft Corp., 244 F.3d at 1296. All such claims stemming from the February 5, 2013, state court order are barred.

Plaintiff claimed in his prior case that his due process and equal protection rights were violated, as well as subjecting him to double jeopardy. ECF No. 17 at 2 (citing ECF No. 13 at 16). Here, Plaintiff again asserts due process and equal protection claims, as well as a First Amendment claim asserting that he has been deprived of his right of access to court. ECF No. 10 at 10. Plaintiff's First Amendment claim is a new claim, but it could have been raised in the prior case. Thus, res judicata applies and this case must be dismissed.

Additionally, courts have inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S.Ct. 2123, 2132, 115 L.Ed.2d 27 (1991). "A court may exercise this power 'to sanction the willful disobedience of a court order, and to sanction a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" Marx v. Gen. Revenue Corp., 568 U.S. ——, ——, 133 S.Ct. 1166, 1175, 185 L.Ed.2d 242 (2013) (citing Chambers, 501 U.S. at 45–46, 111 S.Ct. at 2133-34) (quoted in Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1223 (11th Cir. 2017)); Brewer v. United States, 614 F. App'x 426, 427 (11th Cir. 2015) (reaffirming that "courts are authorized to restrict

access to vexatious and abusive litigants"); Procup v. Strickland, 792 F.2d 1069, 1071, 1073 (11th Cir. 1986) (permitting restrictions on filing by abusive litigants); Shivers v. United States, 427 F. App'x 697, 699 (11th Cir. 2011) (same); *see also* Rolle v. Dilmore, et al., No. 4:16cv425-RH/GRJ, 2017 WL 2261066, at *1 (N.D. Fla. May 23, 2017) (directing the clerk to "not open any new case initiated by the plaintiff arising from his January 4, 2002 arrest unless the plaintiff simultaneously pays the entire filing fee."). While prisoners, like all citizens, have a right of access to the courts, they do not have the right to vexatiously file repetitive cases and motions. Sanctioning a prisoner for doing so does not violate a prisoner's constitutional right of access. "A vexatious litigant does not have a First Amendment right to abuse official processes with baseless filings in order to harass someone to the point of distraction or capitulation." Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1298 (11th Cir. 2002) (affirming that injunction prohibiting the filing of any action without first obtaining leave of court did not violate Riccard's First Amendment rights) (quoted in Smith v. Bondi, No. 4:14cv606-RH/CAS, 2015 WL 3843860, at *2 (N.D. Fla. June 22, 2015), aff'd sub nom. Smith v. Attorney Gen., 637 F. App'x 574 (11th Cir. 2016)).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 10, be **DISMISSED** as barred by res judicata and because it fails to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2). It is further **RECOMMENDED** that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on June 2, 2017.

    S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

# NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.